IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TINA MONTGOMERY
and KAREN JOHNSON                                                                    PLAINTIFFS

v.                               Case No. 4:13-cv-00298-KGB

O'CONNOR ENTERPRISE GROUP,
INC., d/b/a EPC GROUP.NET, and
ERRIN O'CONNER                                                                        DEFENDANTS

## OPINION AND ORDER

On May 17, 2013, plaintiffs Tina Montgomery and Karen Johnson filed this action against O'Connor Enterprise Group, Inc. and Errin O'Conner. Plaintiffs request in their complaint that the Court confirm an award in their favor by an American Arbitration Association ("AAA") Arbitrator pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and state law. The AAA Arbitrator awarded plaintiffs damages based on their claims for breach of contract, failure to pay lost wages, and fraud, as well as attorney's fees.

    I.    **O'Connor Enterprise Group**

        A.    **Default Judgment**

Before the Court is plaintiffs' motion for default judgment against O'Connor Enterprise Group (Dkt. No. 12). On September 27, 2013, plaintiffs' attorney Lucien Gillham submitted an affidavit swearing that copies of the summons and complaint were mailed by certified mail, return receipt requested, to defendant O'Connor Enterprise Group a copy of the return receipt card with signature was attached (Dkt. No. 5). Because defendants did not file a response to plaintiffs' complaint, plaintiffs applied for default judgment against O'Connor Enterprise Group (Dkt. No. 6), which the Court referred to the Clerk of the Court for consideration (Dkt. No. 9). On December 3, 2013, the Clerk entered default, stating that O'Connor Enterprise Group "was

served on 09/16/13, with a summons requiring an answer within 21 days from that date, and no answer or other responsive pleading has been filed. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedures, default is herein entered against defendant" (Dkt. No. 10). Based on the record before the Court, O'Connor Enterprise Group still has not responded to plaintiffs' complaint.

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011). First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk of Court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

The Clerk having entered properly a Clerk's Default under Rule 55(a), the Court now proceeds to a determination of plaintiffs' motion for default judgment under Rule 55(b). This Court has discretion when deciding whether to enter a default judgment. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). In determining whether to enter default judgment, the Court may consider:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

Charles A. Wright, *et al.*, *Federal Practice & Procedure*, § 2685 (3d ed. 2013) (West) (citations omitted) (collecting cases). "Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays. On the other hand, default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." <u>Ackra Direct Mktg. Corp.</u>, 86 F.3d at 856 (internal citations and quotation marks omitted).

Based on the above factors and case law, the Court determines that default judgment is appropriate and grants plaintiffs' motion for default judgment. First, plaintiffs have been substantially prejudiced by the delay involved, as they continue to wait upon the award granted by the AAA Arbitrator, an award to which they appear entitled based on the record before the Court. "Judicial review of arbitration rulings is limited. Indeed, . . . the decision of an arbitrator who has not exceeded his contractual authority is almost always upheld." *MidAmerican Energy Co. v. Int'l Bhd. of Elec. Workers Local 499*, 345 F.3d 616, 619 (8th Cir. 2003) (internal citations and quotation marks omitted). There is no evidence before the Court that the AAA Arbitrator here exceeded his contractual authority. Second, the default is not merely technical, as O'Connor Enterprise Group still has not responded to this lawsuit. Based on the record before the Court, there is no reason to think O'Connor Enterprise Group's failure to respond is a good-faith mistake or excusable neglect. Accordingly, O'Connor Enterprise Group's failure to respond is not a marginal failure to comply with time requirements.

   **B. Damages**

Because the Court has entered default judgment, the Court now must determine the amount of damages for which O'Connor Enterprise Group is liable. Under Rule 55(b)(2), the Court may hold an evidentiary hearing to determine damages, but a hearing is not required if the

amount is ascertainable from definite figures, facts, and evidence provided by plaintiffs. *Holman v. National Postal Mail Handlers Union*, 117 F.3d 1422 (8th Cir. 1997) (per curiam); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332-33 (8th Cir. 1988); Fed. R. Civ. P. 55(b)(2) ("The conduct may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages.").

Plaintiffs request that the AAA Arbitrator's award be confirmed by this Court entering judgment against O'Connor Enterprise Group in the amount of $27,973.16 for wages due Ms. Montgomery, $8,347.31 for wages due Ms. Johnson, $20,685.00 for attorney's fees, and $5,150.00 for half of the fees paid by plaintiffs to the AAA. In support, plaintiffs have provided a copy of the interim award and supplementary final award of the AAA Arbitrator. In the interim award, the AAA Arbitrator calculated, found appropriate, and awarded plaintiffs the above amounts for wages owed (Dkt. No. 2-1). In the supplementary final award, the AAA Arbitrator calculated, found reasonable, and awarded plaintiffs the above amount for attorney's fees, and also determined that "[a]ll fees, other than attorney's fees, are to be divided equally . . . ." (Dkt. No. 6-1, at 8). Plaintiffs attached an invoice/statement showing that the total balance due for all AAA fees was $10,300.00, which plaintiffs claim they were forced to pay.

The Court determines that the amount of damages is ascertainable based on the figures, facts, and evidence provided by plaintiffs. Accordingly, the Court confirms the AAA Arbitrator's award. O'Connor Enterprise Group is ordered to pay plaintiffs $27,973.16 for wages due Ms. Montgomery, $8,347.31 for wages due Ms. Johnson, $20,685.00 for attorney's fees, and $5,150.00 for half of the fees paid by plaintiffs to the AAA.

## II.   Errin O'Connor

On December 2, 2013, the Court granted plaintiffs' second motion to extend time to serve Mr. O'Connor, giving plaintiffs up to and including January 12, 2014, to perfect service (Dkt. No. 9). The Court advised plaintiffs that they could file another motion to extend time to serve, if necessary and appropriate (Dkt. No. 9, at 3). Based on the record before the Court and filings made, plaintiffs have neither filed another motion to extend time to serve nor perfected service on Mr. O'Connor. When a defendant is not served within the time provided, the Court must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Plaintiffs' claims against Mr. O'Connor are hereby dismissed without prejudice for failure to perfect timely service of process.

* * *

In sum, plaintiffs' motion for default judgment against O'Connor Enterprise Group is granted. O'Connor Enterprise Group is ordered to pay plaintiffs $27,973.16 for wages due Ms. Montgomery, $8,347.31 for wages due Ms. Johnson, $20,685.00 for attorney's fees, and $5,150.00 for half of the fees paid by plaintiffs to the AAA. Plaintiffs' claims against Mr. O'Connor are hereby dismissed without prejudice for failure to perfect timely service.

IT IS SO ORDERED this 29th day of January, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE